# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

MATTHEW SUND,

    Plaintiff,

v.

LABOR READY NORTHWEST et al.,

    Defendants.

Case No. C17-895RSM

ORDER OF DISMISSAL

This matter comes before the *sua sponte* on the Court's June 27, 2017, Order to Show Cause. Dkt. #11. *Pro Se* Plaintiff, Matthew Sund, has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #4.

Mr. Sund's first Complaint was filed on June 12, 2017, listing as defendants Labor Ready Northwest and SanMar Corporation. Dkt. #5. On June 16, 2017, the Court issued an Order directing Mr. Sund to file an amended complaint. Dkt. #7. The Court found that Mr. Sund's Complaint contained almost no factual detail, relied on form language, and was insufficient to support a Title VII claim. *Id.* In any event, Mr. Sund did not clearly identify what laws or statues he believed were being violated by the two Defendants in this case, and he did not support his claims with specific facts. Accordingly, the Court found that it was unclear how federal subject matter jurisdiction arises in this matter. *Id.* The Court ordered Plaintiff to

ORDER OF DISMISSAL - 1

submit an Amended Complaint stating: (1) the laws or statutes under which he brings each of his claims against each of the Defendants; (2) exactly what facts support each of the alleged violations of law; and (3) what specific injury Plaintiff suffered because of each alleged violation of law. *Id*.

On June 26, 2017, Mr. Sund filed his Amended Complaint. Dkt. #10. This Amended Complaint uses the same form as the first Complaint, stating a Title VII claim and citing to 42 U.S.C. § 2000e-5. Dkt. #10 at 2. Mr. Sund elaborated on the underlying facts of this case to a certain extent. For example, Mr. Sund now claims that Oralia Brooks, a manager at Labor Ready Northwest, stated she was Mormon. *Id*. Mr. Sund details a process by which he was offered a temporary employment contract but was not paid on time or hired on after the term. *Id*. Mr. Sund does not connect Oralia Brooks' religion to Defendants' failure to hire him. Mr. Sund now alleges that he "suffered a monetary loss in the amount of approximately $100,000," and that "[m]isconduct caused the loss of an expensive diplomatic vehicle." *Id*. Mr. Sund does not explain how Defendants' actions caused these losses.

Given the above, the Court determined that Mr. Sund's claims still appear frivolous and insufficient to establish federal subject matter jurisdiction. The Court ordered Plaintiff to "write a short and plain statement telling the Court: (1) how he has a valid Title VII claim (2) how he calculated his damages of $100,000; and (3) why this case should not be dismissed as frivolous." Dkt. #11.

On June 10, 2017, Mr. Sund submitted a Response to the Order to Show Cause. Dkt. #13. Mr. Sund's Response states that "[t]he fact that Ms. Brooks mentioned her religion is the basis for the Title VI claim based on religious discrimination," but provides no further detail connecting Ms. Brooks' statement with Mr. Sund's own religion or his contract/employment

ORDER OF DISMISSAL - 2

claims. *Id.* Mr. Sund informs the Court that "[t]he calculation of the $100,000 demand amount stems from the fact that it is a $75,000 minimum," and asserts that this amount is reached assuming a three year contract with a wage of $14 per hour. *Id.* Mr. Sund goes on to accuse the Court of engaging in criminal activity and of having "no respect for the laws of the United States of America," and to assert that Defendants "should have already been arrested on charges." *Id.* Mr. Sund asks why he is required to answer the above questions, perhaps as opposed to Defendants, and to request that Defendants submit proof that they have the assets to pay out a $100,000 claim. *Id*.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court finds that Mr. Sund's claims as stated in his Amended Complaint are frivolous and malicious. Mr. Sund has failed to state a non-frivolous Title VII claim by repeatedly asserting only that an employee of Labor Ready Northwest stated her religion, but failing to claim how this was connected to his own religious status or an alleged injury. Mr. Sund has failed to convince the Court that he has a non-frivolous contract claim against Defendants in an amount greater than $75,000, rather it appears Mr. Sund is asserting this amount simply to meet the requirement for diversity jurisdiction. Mr. Sund's pleadings and responses to the Court indicate that he is seeking criminal prosecution of Defendants. Given all of this, the Court does not have subject matter jurisdiction over Mr. Sund's claims. Even if it did, the Court has provided notice of these problems and finds that dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B) for frivolous and malicious claims.

ORDER OF DISMISSAL - 3

Accordingly, the Court hereby finds and ORDERS:

1) This matter is DISMISSED without prejudice.

2) This case is now CLOSED.

The Clerk shall send a copy of this Order to Plaintiff at 6337 S. HIGHLAND DR. #213 SALT LAKE CITY, UT 84121.

DATED this 11 day of July, 2017.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 4